**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| IN RE: BERNICE MUHAMMAD, ) | |
| ) | |
| Debtor/ Appellant, ) | Bankr. Case No. 04-16354-WSS-13 |
| ) | |
| v. ) | CIVIL ACTION NO. 09-0148-CG-M |
| ) | |
| OPTION ONE MORTGAGE ) | |
| ) | |
| Appellee. ) | |

## ORDER

This matter is before the court on the motion of Bernice Muhammad for the recusal and disqualification of the undersigned judge. (Doc. 13). The court does not find that recusal is necessary.

A judge should disqualify herself in any proceeding in which her impartiality might reasonably be questioned. 28 U.S.C. § 455(a). "Under § 455, the standard is whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality." Christo v. Padgett, 223 F.3d 1324, 1333 (11th Cir. 2000), cert. denied, 531 U.S. 1191 (2001). Ms. Muhammad's motion asserts that the undersigned judge has engaged in fraud and is biased or that there is the appearance of bias. The motion appears to be based on this court's rulings in another case filed by Muhammad and on the court's ruling in this case that Muhammad's motion to compel was moot. Muhammad had moved to compel the U.S. Bankruptcy Court to produce and deliver requested records to the District Court. The undersigned found that such records had already been provided.

"To disqualify a judge under § 455, the bias 'must stem from extrajudicial sources, unless the judge's acts demonstrate such pervasive bias and prejudice that it unfairly prejudices one of the

parties.'" Johnson v. American Sec. Ins. Co., 2010 WL 3245167, *1 (11th Cir. 2010) (quoting United States v. Bailey, 175 F.3d 966, 968 (11th Cir. 1999)). "[A]dverse rulings alone do not provide a party with a basis for holding that the court's impartiality is in doubt." Id. (quoting Byrne v. Nezhat, 261 F.3d 1075, 1103 (11th Cir. 2001)).

Muhammad appears to seek recusal because she is unhappy with the court's rulings in this case and in another case filed by Muhammad. The only things she points to in order to demonstrate bias are the prior rulings of the court in cases involving her as a party. She has made no showing of circumstances which would meet the necessary threshold for recusal or disqualification of a district court judge. See Draper v. Reynolds, 369 F.3d 1270, 1281-82 (11th Cir. 2004) (district court did not err in denying motion to disqualify under § 144 where movant presented no evidence that judge harbored a personal bias or prejudice either against him or in favor of any adverse party). The circumstances in this case would not support a finding that a fully informed lay observer would entertain such doubt about the undersigned's impartiality. As such, the court does not find that recusal is necessary. Accordingly, Muhammad's motion for recusal (Doc. 13) is **DENIED**.

**DONE and ORDERED** this16th day of September, 2010.

                                                 /s/ Callie V. S. Granade
                                          UNITED STATES DISTRICT JUDGE