**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

|  |  |  |
|---|---|---|
| **IN RE: BERNICE MUHAMMAD,** | ) | |
| | ) | |
| **Debtor/ Appellant,** | ) | **Bankr. Case No. 04-16354-WSS-13** |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 09-0148-CG-M** |
| | ) | |
| **OPTION ONE MORTGAGE** | ) | |
| | ) | |
| **Appellee.** | ) | |

## ORDER

This matter is before the court on the motion of Bernice Muhammad "to compel the Bankruptcy Court of records." (Doc. 17). Ms. Muhammad is apparently again asking the court to compel the Bankruptcy Court to provide certain records from the bankruptcy proceeding that is the subject of this appeal. Muhammad does not list the records she contends the Bankruptcy Court has failed to provide. As this court previously stated, it appears from a review of the record in this case that the U.S. Bankruptcy Court has produced the records requested by Muhammad. The electronic court file of this case contains copies of her requested records at document numbers 1 through 5. Ms. Muhammad's motion is very difficult to follow or understand and the court is unsure what relief Muhammad is seeking other than the production of documents that have already been provided to the court.

Ms. Muhammad cites Rule 34(a) and (b) and subsections (1), (2), (3), (4), and (6) of Rule 36(a) and she speaks of the Bankruptcy Court's failure to admit or deny. Federal Rule of Civil Procedure 34(a) and 34(b) permits and describes the procedure for a party to request documents from another party. The U.S. Bankruptcy Court is not a party in this action. Rule 34 does not concern documents to be provided to an appellant or to the appellate court by the lower court.

Likewise, Federal Rule of Civil Procedure 36(a) concerns requests for admission from another party.  The only parties in this case are Ms. Muhammad and Option One Mortgage.

The motion also includes ramblings that appear to be argument about the subject of her appeal and complaints about the handling of her bankruptcy case by the Bankruptcy Court.  Ms. Muhammad has been ordered to file her brief in this matter by October 6, 2010.  The court finds that this filing, titled as a motion to compel, does not satisfy her obligation of filing a brief.  If it was meant as a brief, the court finds it that fails to support her stated issues of appeal.

Ms. Muhammad also states that she "is still requesting the Recusal and Disqualification, of District Judge Callie V.S. Granade, and Bankruptcy Judge William S. Shulman, the Judges are obligated to recuse themselves sua sponte under Section 455 is self-executing." (Doc. 17, p. 5 (emphasis in original)).  This court has already addressed Ms. Muhammad's request for the recusal of the undersigned judge (Docs. 14 & 16), and the court still finds no reason for recusal.  Judge Shulman is not presiding over this appeal and thus, his alleged bias cannot affect the  rulings in this case.

## CONCLUSION

For the reasons stated above, the motion of Bernice Muhammad "to compel the Bankruptcy Court of records" (Doc. 17), is **DENIED**.

**DONE and ORDERED** this 7th day of October, 2010.


_____/s/  Callie V. S. Granade_____
UNITED STATES DISTRICT JUDGE