IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: BERNICE MUHAMMAD, ) | |
| ) | |
| Debtor/Appellant, ) | Bankr. Case. No. 04-16354-WSS-13 |
| ) | |
| v. ) | Civil Action No. 09-0148-CG-M |
| ) | |
| OPTION ONE MORTGAGE ) | |
| ) | |
| Appellee. ) | |
| ) | |

## ORDER

This matter is before the court on Bernice Muhammad's ("Muhammad") motion from judgment and orders. (Doc. 23). For the reasons stated below, Muhammad's motion is denied.

On March 18, 2009, Muhammad filed this case appealing the Bankruptcy Court's orders denying her untimely motion for sanctions for alleged violations of the automatic stay and motion to reopen a bankruptcy case. (Doc. 1-5). The case was reassigned to the undersigned judge after District Judge William Steele recused himself from the action. (Doc. 10).

On October 12, 2010, the court issued an order dismissing the case because Muhammad had not taken any steps beyond timely filing a notice of appeal. The court noted that Muhammad had filed several rambling motions seeking the recusal of the undersigned judge, bankruptcy judge and the production of certain records from the bankruptcy court.[1] However, the court found that Muhammad's failure to

---

[1] Muhammad did not file a brief outlining the issues raised on appeal within 14 days

file a brief on the merits of the case despite being given multiple opportunities to do so and notice of the potential dismissal demonstrated bad faith, negligence and indifference in the matter.

Muhammad now seeks relief from this court's orders pursuant to Federal Rule of Civil Procedure 60(b)(4). (Doc. 23). Rule 60(b)(4) provides that a Court "may relieve a party . . . from a final judgment, order, or proceeding" if the Court finds that the "judgment is void." See Fed.R.Civ.P. 60(b)(4). "Generally, a judgment is void under Rule 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." Burke v. Smith, 252 F.3d 1260, 1263 (11th Cir. 2001) (citation and internal quotation marks omitted); see also Rice v. Ford Motor Co., 88 F.3d 914, 918 n. 7 (11th Cir. 1996). "A judgment also is void for Rule 60(b)(4) purposes if the rendering court was powerless to enter it." Burke, 252 F.3d at 1263.

---

as prescribed by the Federal Rules of Bankruptcy Procedure 8009(1), but moved for an extension of time to file, arguing that the Bankruptcy Court failed to provide certain records. (Doc. 7). The court found that the Bankruptcy Court had already produced the records and ordered Muhammad to file her brief by September 17, 2010. (Doc. 12).

On September 13, 2010, Muhammad filed a motion seeking recusal of the undersigned judge. (Doc. 13). The court denied the motion finding that Muhammad failed to demonstrate personal bias or prejudice necessary to support recusal. (Doc. 14).

Muhammad filed a second motion for recusal on September 21, 2010. (Doc. 15). The court denied this motion for the same reasons addressed in the court's prior order and again extended Muhammad's deadline for filing her brief. (Doc. 16). The court warned Muhammad that if the brief was not filed by October 6, 2010, her appeal would be dismissed. Id.

On October 5, 2010, Muhammad filed yet another motion seeking the recusal of the undersigned judge, seeking recusal of the bankruptcy judge and asking this court to compel the Bankruptcy Court to produce records. (Doc. 17). The court denied this motion for the same reasons cited in its previous orders. (Doc. 18). The court also reminded Muhammad that she must file a brief supporting her stated issues of appeal by the next day. Id. at 2. The brief was never filed.

2

Muhammad argues that all orders issued in this appeal are void for lack of jurisdiction. The court disagrees. Muhammad's timely filing of the notice of appeal established jurisdiction for the district court to hear the appeal. 28 U.S.C. §158 grants the District Court jurisdiction to hear appeals from the Bankruptcy Court.

Although Muhammad's motion is rambling and difficult to follow, Muhammad appears to assert that the reassignment of the case to the undersigned judge and the undersigned judge's failure to subsequently recuse herself was a violation of Muhammad's due process rights. Muhammad has not demonstrated fraud in the reassignment of the case from Judge Steele to the undersigned judge "because a federal judge may perform ministerial acts even after he has disqualified himself from a particular case." U.S. v. Moody, 977 F.2d 1420, 1423 (11th Cir. 1992); see In re Clement Antitrust Litigation, 673 F.2d 1020, 1024-25 (9th Cir. 1982) (judge who was disqualified by reason of a financial interest could reassign a case). Muhammad also fails to show that the undersigned judge harbored personal bias sufficient to warrant recusal. See 28 U.S.C. § 455; Draper v. Reynolds, 369 F.3d 1270, 1281-82 (11th Cir. 2004) ("To disqualify a judge under § 455, the bias must stem from extrajudicial sources, unless the judge's acts demonstrate such pervasive bias and prejudice that it unfairly prejudices one of the parties."). As the court stated in previous orders, Muhammad appears to seek recusal because she is unhappy with the court's ruling in this case and in another case filed by Muhammad. Byrne v. Nezhat, 261 F.3d 1075, 1103 (11th Cir. 2001) ("[A]dverse rulings alone do not provide a party with a basis for holding the court's impartiality

in doubt.").

The record shows that Muhammad was given adequate opportunity to be heard before this Court. In her motion for relief, Muhammad does not point to any fundamental infirmity in this Court's decision dismissing the case due to her failure to timely file a brief outlining the issues of her appeal. Instead, she has re-argued the merits of her case.  A judgment is not void simply because it is arguably erroneous, nor is a Rule 60(b)(4) motion a substitute for a timely appeal. United Student Aid Funds, Inc. v. Espinosa, 130 S.Ct. 1367, 1377 (2010). Therefore, the court finds that Muhammad is not entitled to relief under Rule 60(b)(4).

## CONCLUSION

After due consideration of all matters presented and for the reasons set forth herein, the court finds that the record fails to show that the court lacked jurisdiction over the appeal or acted inconsistently with due process. Thus, Muhammad's motion for relief from the judgment and orders pursuant to Rule 60(4)(b) (Doc. 23) is **DENIED**.

**DONE** and **ORDERED** this 7th day of  July, 2014.


                                          /s/  Callie V. S. Granade
                                          UNITED STATES DISTRICT JUDGE