IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: BERNICE MUHAMMAD, ) | |
| ) | |
| Debtor/Appellant, ) | Bankr. Case. No. 04-16354-WSS-13 |
| ) | |
| v. ) | Civil Action No. 09-0148-CG-M |
| ) | |
| OPTION ONE MORTGAGE, ) | |
| ) | |
| Appellee. ) | |
| ) | |

# ORDER

This matter is before the court on Bernice Muhammad's ("Muhammad") motion for reconsideration of the court's order dated July 7, 2014. (Doc. 25).

"In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly." Garrett v. Stanton, 2010 WL 320492, *2 (S.D. Ala. Jan. 18, 2010) (internal quotations and citations omitted). "A motion to reconsider is not a vehicle to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Id.; see also Spellman v. Haley, 2004 WL 866837, *2 (M.D. Ala. Feb. 22, 2002) (holding that "litigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling").

Muhammad's motion for reconsideration is governed by Federal Rule of Civil Procedure 60(b). Johnson v. Am. Sec. Ins. Co., 392 F.App'x 838, 841 (11th Cir. 2010) ("A motion for reconsideration of a final judgment not filed within ten days of that judgment—like the one here—is construed as a motion for relief from judgment

pursuant to Rule 60(b)."). Rule 60(b) provides that a court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
>
> (6) any other reason justifying relief from the operation of the judgment.

See Fed. R. Civ. P. 60(b). Generally, a "motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." Gipson v. Mattox, 511 F. Supp. 2d 1182, 1185 (S.D. Ala. 2007).

Muhammad does not offer any newly discovered evidence or intervening change in controlling law. Rather, Muhammad's motion reiterates the arguments she previously raised in her motion for relief under Rule 60(b)(4) concerning her allegations that the orders issued by the undersigned judge are void for lack of jurisdiction. The court has already considered and rejected these arguments.[1] In

---

[1] The instant motion seeks reconsideration of the court's order denying a previous request for Rule 60(b) relief (Doc. 24), although Muhammad titles the prior motion as "Federal Rule of Civil Procedure, 60(b)(4) Relief from Judgment and Orders the District Court Lack of Jurisdiction" (Doc. 23) and the instant motion as "Pro Se Debtor Appellant Respond to the

2

particular, the court found no evidence of fraud with regards to the reassignment of the case to the undersigned judge or her subsequent failure to recuse herself. See Doc. 24. The court has reviewed the order of July 7, 2014, and the pleadings on the record and is not persuaded that its conclusions were in error.

As for the notion that Muhammad was not given a fair opportunity to present her case, the record reflects otherwise. Muhammad has moved for the recusal of the undersigned judge on two prior occasions.[2] (Docs. 13 & 15). Both motions were denied because Muhammad failed to demonstrate personal bias or prejudice necessary to support recusal. (Docs. 14 & 16). Muhammad has also twice moved for the production of bankruptcy records (Docs. 9 & 17), which the court denied based on a finding that the bankruptcy court had already produced the records. (Docs. 12 & 18). Muhammad sought relief from these rulings, but the court denied this request as well. (Doc. 23). The fact that the court issued a sua sponte order dismissing the case is of no moment. Dismissal was appropriate because Muhammad had failed to file a brief outlining the issues of her bankruptcy appeal,[3] despite being given multiple opportunities to do so and notice of the potential

---

District Court Order" (Doc. 25). In other words, the instant motion basically seeks reconsideration of the court's own Rule 60(b) analysis.

[2] The court notes that Muhammad filed a third motion for recusal after the case had been dismissed. (Doc. 21). The court found this motion moot as the case was then closed. (Doc. 22).

[3] Under Federal Rule of Bankruptcy Procedure 8009(a)(1), an appellant must "file a brief within 14 days after entry of the appeal on the docket." See Fed. R. Bankr. P. 8009(a)(1). "An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal." Fed. R. Bankr. P. 8001(a).

dismissal. <u>Lawerence v. Educational Credit Management Corp.</u>, 522 F.App'x 836, 836 (11th Cir. 2013) (finding that a district court's sua sponte dismissal of a bankruptcy appeal for the debtor's failure to timely file his initial brief was not an abuse of discretion because the debtor demonstrated indifference and dilatory conduct). Although Muhammad may disagree with the court's rulings, her disagreement does not amount to a denial of due process.

The court finds that Muhammad has failed to establish any recognizable grounds that would warrant relief from the court's previous findings under Rule 60(b). Therefore, Muhammad's motion for reconsideration is due to be denied.

## CONCLUSION

After due consideration of all matters presented and for the reasons set forth herein, Muhammad's motion for reconsideration of the court's order dated July 7, 2014 (Doc. 25) is **DENIED**.

**DONE** and **ORDERED** this 22nd day of September, 2014.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE